

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-5565
Re: Whether or not Senate Bill No.
266, Regular Session, 48th Legislature, with respect to rentals, applies
to storage rentals on automobiles and
other commodities made upon a monthly
basis.

You request a construction of Senate Bill No. 266 of the
48th Legislature, Regular Session, governing rentals with special
respect to storage rentals on automobiles and other commodities
made upon a monthly basis.

Sections 1, 2 and 3 of Senate Bill No. 266, are as
follows:

"Section 1. Hereafter all departments
and agencies of the State Government, when
rental space is needed for carrying on the
essential functions of such agencies or departments of the State Government, shall
submit to the State Board of Control a request therefor, giving the type, kind, and
size of building needed, together with any
other necessary description, and stating
the purpose for which it will be used and
the need therefor.

"Sec. 2. The State Board of Control,
upon receipt of such request, and if the
money has been made available to pay the
rental thereon, and if, in the discretion
of the Board such space is needed, shall
forthwith advertise in a newspaper, which
has been regularly published and circulated in the city, or town, where such rental
space is sought, for bids on such rental
space, for the uses indicated and for a
period of not to exceed two years. After
such bids have been received by the State

Board of Control at its principal office in
Austin, Texas, and publicly opened, the
award for such rental contract will be made
to the lowest and best bidder, and upon
such other terms as may be agreed upon. The
terms of the contract, together with the
notice of the award of the State Board of
Control will be submitted to the Attorney
General of Texas, who will cause to be pre-
pared and executed in accordance with the
terms of the agreement, such contract in
quadruplicate; one of which will be kept
by each party thereto, one by the State
Board of Control, and one by the Attorney
General of Texas. The parties to such con-
tract will be the department or agency of
the government using the space as lessee
and the party renting the space as lessor.

"Sec. 3. Within thirty days after the
effective date of this Act, all departments
and agencies of the State Government at
this time leasing or renting space from any
person, firm, or corporation whomsoever,
will cause to be prepared and delivered to
the State Board of Control in Austin, Texas
a copy of any written rental or lease agree-
ment now in force and current, or any state-
ment of any oral understanding upon which
any lease or rental public funds are being
expended, if such action has not already
been taken."

It is the opinion of this department that the Bill does
not apply to situations such as those mentioned by you.

The subject -- the essence -- of Senate Bill 266 is the
"rental space" when needed by an agency or department of the
State government. It contemplates not only the rental contract
but it contemplates that the subject matter of the contract --
the space needed -- be the space such as that of a building, room,
office, or other quarters, to be occupied by the agency or depart-
ment, or its employees, in the carrying on of an essential govern-
mental function. In other words, the subject matter of the
rental, it is contemplated, will be under the control, for the
time being, of the agency or department, as the term "rental" is
generally understood. The word "rental" is one of well-under-
stood meaning, and presumptively it was so used by the Legislature.
Furthermore, this construction comports with the general purpose
of the Act.

Now, the so-called rental for storage of automobiles and other commodities is not a rental at all, within the meaning of the statute. It does not contemplate the taking over of any specific building, room, or space whatsoever, but on the other hand is in its nature a storage contract -- something entirely different from the ordinary rental contract. A storage contract is one for service by the warehouseman, or other owner of storage space, and moreover it does not contemplate any particular room or space -- merely storage.

It is conceivable that such a contract for space could take the form of a rental of space, within the meaning of the statute. Thus, where any department or agency was in need of space for storing records, papers, files, and the like, and the things to be thus stored were so numerous or voluminous as to make a mere contract of storage inadvisable, and a building, room, or definite space therefor preferable, such an arrangement would be a rental, within such necessity would present a fact situation to be determined by the circumstances. We can not be definite at this point beyond the mere statement of the general principle determining the nature of the rental.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Ocie Speer
    Ocie Speer
    Assistant

OS-MR-wc


APPROVED SEP 1, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman